UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ADEGNALDO LELES DASILVA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| TOYOTA MOTOR CORP., TOYOTA MOTOR SALES U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING, INC., BOCH T, INC d/b/a BOCH TOYOTA, BOCH NEW TO YOU, INC. d/b/a BOCH NEW TO YOU USED CAR SUPERSTORE, DCD BT NORTH INC., d/b/a BOCH TOYOTA, DCD NTY INC., d/b/a BOCH NEW TO YOU, and DOES 1–40, | * | Civil Action No. 20-cv-10984-ADB |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND**

BURROUGHS, D.J.

Adegnaldo Leles DaSilva ("Plaintiff") brought this wrongful death action in Massachusetts Superior Court against Toyota Motor Corporation ("Toyota Corporation"), Toyota Motor Sales U.S.A., Inc. ("Toyota Motor Sales"), Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota Engineering and Manufacturing" and, together with Toyota Corporation and Toyota Motor Sales, "the Toyota Defendants"), as well as Boch T Inc. ("Boch Inc."), and Boch New To You Inc. ("New To You" and, together with Boch Inc., "the Boch Defendants"),[1] (collectively, "Defendants"). [ECF No. 1-1]. Plaintiff additionally

---

[1] Plaintiff also names DCD BT North Inc. and DCD NTY Inc. as corporate successor to Boch Inc. and New To You. The parties do not contest that DCD BT North Inc. is liable as a corporate successor. See generally [ECF No. 1; ECF No. 15 at 7]; see also [ECF No. 1-4 ¶ 6 ("From

lists forty unidentified defendants who may have designed the electronic throttle control system of the allegedly defective vehicle at issue, or who otherwise may have contributed to the accident at issue or be a successor to any potential defendant. [ECF No. 1-7 ("Am. Compl.") ¶¶ 9–12].

Defendants removed the case to federal court, claiming that the Court had diversity jurisdiction because Plaintiff could not "maintain a cause of action against the non-diverse defendants." [ECF No. 1 at 2]. The Judicial Panel on Multidistrict Litigation ("JPML") issued a conditional transfer order to transfer the case to a multidistrict litigation proceeding consolidating unintended acceleration cases in the Central District of California.

Presently before the Court are Plaintiff's motion to remand the case back to state court, [ECF No. 14], and Plaintiff's motion for an extension of time to serve Defendants, [ECF No. 22]. Because Plaintiff has sufficiently alleged claims against the Boch Defendants, and the Court therefore lacks jurisdiction, the motion to remand, [ECF No. 14], is GRANTED and the motion for an extension of time to serve Defendants, [ECF No. 22], is DENIED as moot because the Court lacks jurisdiction to consider the motion.

## I.   BACKGROUND

### A.   Factual Background

For purposes of this motion, the relevant facts are drawn from the complaint, [ECF No. 1-2 ("Compl.")] and the amended complaint, [Am. Compl.], and are viewed in the light most favorable to the plaintiff. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014) (citations omitted). This case arises from a motor vehicle crash on April 7, 2017, in Medford,

---

September 30, 2015 to present, Boch [Inc.] has been owned and operated by DCD BT North, Inc.")]. Similarly, in September 2015, "Boch New to You, Inc., sold its used car sales business to DCD NTY, Inc. From that time to present, that used car business has been owned by DCD NTY, Inc., and is doing business as Boch New To You Superstore." [ECF No. 1-4 ¶ 5]; see also [id. ¶¶ 5–6; ECF No. 15 at 7]. Therefore, for purposes of this order, the Court includes both DCD defendants within the Boch Defendants.

Massachusetts. [Am. Compl. ¶¶ 36–39]. Cleuza DaSilva ("DaSilva") was driving her 2010 Toyota Camry (the "Vehicle") when the Vehicle suddenly accelerated. [Id. ¶ 37]. Unable to slow the vehicle, DaSilva maneuvered around other cars until eventually swerving off the road. [Id. ¶ 38–39]. DaSilva crashed into a building at close to one-hundred miles per hour and died as a result. [Id.]. Plaintiff filed this action, seeking actual damages in excess of $50,000 and punitive damages. [Compl. ¶¶ 50–51; Am. Compl. ¶¶ 15, 78].

Boch Inc. originally purchased the Vehicle from Toyota Motor Sales in December 2009, before selling the Vehicle to its first owner on December 11, 2009. [ECF No. 1 at 8; ECF No. 15 at 7]. Boch Inc. then purchased the Vehicle back from the first owner and sold it to New To You on January 9, 2016. [ECF No. 1 at 8; ECF No. 15 at 7]. New To You then sold the Vehicle to DaSilva on February 13, 2016. [Am. Compl. ¶¶ 33]; see also [ECF No. 1-4 ¶ 7 (confirming that DaSilva purchased the "Vehicle from DCD NTY, Inc.," which does business as New To You, "on February 13, 2016")]. The parties agree that the Vehicle changed ownership five times: (1) from Toyota to Boch Inc. in 2009; (2) from Boch Inc. to the first owner in 2009; (3) from the first owner to Boch Inc. in 2015; (4) from Boch Inc. to New To You in late 2015, early 2016;[2] and, finally, (5) from New To You to DaSilva in 2016. [Am. Compl. ¶¶ 29–33; ECF No. 15 at 8]. The Defendants have provided a Carfax report which corroborates this sales record. See [ECF No. 1-1 at 12–17].

Plaintiff claims that the Vehicle's electronic throttle control system was defective, which caused the car to accelerate without DaSilva pressing the accelerator. [Am. Compl. ¶¶ 17, 24,

---

[2] Plaintiff claims that Boch Inc. sold the Vehicle to New To You in 2015. [ECF No. 15 at 8]. According to the record provided by the Defendants, Boch Inc. offered the vehicle for sale on December 30, 2015, and ownership was transferred to New To You by January 9, 2016. [ECF No. 1-1 at 14]; see also [ECF No. 1-4 ¶ 6 (explaining that Boch Inc. sold the Vehicle to New To You on or about January 9, 2016)].

26]. According to the Toyota Defendants, the throttle control system includes sensors in the accelerator pedal's housing, two throttle position sensors, a throttle, a throttle control engine, and software within the engine control module. [ECF No. 1 at 10; ECF No. 1-3 ¶ 16]. By pushing the accelerator, the driver changes the angle of the throttle valve and thereby controls the engine output. [ECF No. 1 at 10; ECF No. 1-3 ¶ 17]. The software that controls the throttle control system "is compiled and hardwritten directly into [the] vehicle's engine control module." [ECF No. 1 at 10; ECF No. 1-3 ¶ 18]. Only Toyota technicians may modify the control system and it requires using specialized tools developed by Toyota to access the control software. [ECF No. 1 at 10; ECF No. 1-3 ¶ 18]. Scott Braga, General Manager of New To You, reviewed New To You's records concerning the Vehicle and "found no service or maintenance records on the . . . Vehicle's electronic throttle control system or any of the components encompassed within the electronic throttle system between its purchase of the . . . Vehicle and the sale of the . . . Vehicle to Ms. DaSilva on February 13, 2016." [ECF No. 1-4 ¶ 9].

Plaintiff additionally claims that the Vehicle was defective because it did not include a brake override system, which cuts engine power when both a vehicle's accelerator and brake pedals are pressed. [Am. Compl. ¶ 25; ECF No. 1-3 ¶¶ 21–22]. Defendants allege that the Vehicle included a brake override system at the time of the accident because the system was incorporated through a software update performed by Boch Inc. on May 5, 2010. [ECF No. 1 at 11; ECF No. 1-3 ¶¶ 23–24].

Finally, Plaintiff alleges that, at the time of the collision, there was an aftermarket floor mat on the Vehicle's driver side floor. See [Am. Compl. ¶¶ 30, 34]. According to Plaintiff, the Toyota Defendants frequently blame unintended accelerations, like that at issue in this case, on aftermarket floor mats unintentionally pressing a vehicle's accelerator. [Id. ¶¶ 20–21]. The

Toyota Defendants maintain that they recalled a number of vehicles, including the Vehicle at issue in this case, in 2009 due to an issue by which the vehicles' accelerator pedals could be entrapped with floor mats. [ECF No. 1-3 ¶ 20]. The Toyota Defendants claim that "[a]ftermarket floor mats were not present in the . . . Vehicle when it left the care and control of [Toyota Motor Sales] and was sold to Boch [Inc.] on May 4, 2009." [ECF No. 1 at 19 n.7]. Additionally, Braga states that "[a]fter a review of the sales and maintenance documents" related to the Vehicle, he believes that New To You "did not sell aftermarket floor mats to Ms. DaSilva, nor did [New To You] include aftermarket floor mats in the . . . Vehicle." [ECF No. 1-4 ¶ 15].

There is complete diversity between Plaintiff and the Toyota Defendants. Toyota Motor Sales is a California corporation with its principal place of business in Texas. [ECF No. 1 at 4]. Toyota Motor Engineering and Manufacturing is a Kentucky corporation with its principal place of business in Texas. [Id.]. Toyota Motor Corporation is a Japanese company with its principal place of business in Japan.[3] [Id.].

The Boch Defendants, however, are Massachusetts companies. Boch Toyota, an independently owned and operated Toyota dealership, is a Massachusetts corporation with its principal place of business in Massachusetts. [Id. at 5]. Boch New To You, which sold the Vehicle to DaSilva, is a Massachusetts corporation with its principal place of business in Massachusetts. [Id.]. Therefore, because Plaintiff is a acting as "the legal representative of the estate of a decedent" and DaSilva was a resident of Massachusetts, if the Boch defendants are properly joined, the Court would lack jurisdiction over the case because there would not be

---

[3] Toyota Motor Corporation has not yet been served, but Defendants acknowledge that "in the event [Toyota Motor Corporation] is properly served, it will likewise be diverse in citizenship." [ECF No. 1 at 4].

5

complete diversity between Plaintiff and Defendants Boch Toyota and Boch New To You.  28 U.S.C. § 1332(c)(2); [Am. Compl. ¶¶ 1, 5–8].

### B.     Procedural Background

Plaintiff filed this case in Middlesex County Superior Court on April 1, 2020, [ECF No. 1 at 2], and Defendants removed to this Court on May 21, 2020, [ECF Nos. 1, 1-2].  Defendants filed a motion to stay the case pending a ruling from the Judicial Panel on Multidistrict Litigation ("JPML") concerning the transfer of the case to an MDL (MDL No. 2151), currently pending in the Central District of California, that consolidates unintended acceleration cases for pretrial proceedings.  [ECF No. 5; ECF No. 14 at 2].  The Court granted the motion.  [ECF No. 8].

At the same time, Defendants sought a conditional transfer order from the JPML, [ECF No. 22 at 2], which the JPML issued on May 27, 2020, [ECF No. 13-1 at 1].  Plaintiff opposed the conditional transfer on June 4, 2020, [ECF No. 13], and filed this emergency motion to remand to state court on June 18, 2020, [ECF No. 14].  Defendants opposed the motion to remand on June 22, 2020, [ECF No. 19].  Additionally, on June 30, 2020, Plaintiff filed a motion to extend time to serve the Defendants with the amended complaint, [ECF No. 22], which Defendants oppose, [ECF No. 23].

## II.    LEGAL STANDARD

Only cases that are properly within the subject matter of the federal courts may be consolidated and transferred for pretrial MDL proceedings.  See 28 U.S.C. § 1407.  Under 28 U.S.C. § 1441(b), "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  However, "plaintiff[s] may not impede a defendant's right of removal by fraudulently joining a non-diverse defendant who has no real connection to the case."

6

Surabian Realty Co., Inc. v. CUNA Mut. Grp., 245 F. Supp. 3d 297, 299 (D. Mass. 2017) (citing Universal Truck & Equip. Co. v. Southworth-Milton, Inc., 765 F.3d 103, 108 (1st Cir. 2014)).

When considering a motion to dismiss a party for fraudulent joinder, the Court must determine whether the party seeking removal to federal court has carried their "burden of demonstrating by clear and convincing evidence 'either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.'" Surabian, 245 F. Supp. 3d at 299 (quoting Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 5 (D. Mass. 2001)). "[A]ny doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction." Swanson v. Lord & Taylor, LLC, No. 12-cv-10151, 2012 U.S. Dist. LEXIS 121750, at *5 (D. Mass. Aug. 28, 2012) (internal quotation marks and citation omitted).

To survive a motion to dismiss for failure to state a claim, the alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679). However, "[i]n assessing a claim of fraudulent joinder, the court is not bound by the allegations in the complaint and may consider affidavits and other materials that bear on the question of whether there is a reasonable basis for joinder of a defendant." In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig., 76 F. Supp. 3d 321, 333 (D. Mass. 2015).

## III.  DISCUSSION

Plaintiff asks that the case be remanded back to state court because the Boch Defendants are not diverse, and the Court therefore does not have diversity jurisdiction under 28 U.S.C. § 1332.  See generally [ECF No. 14].  The Defendants maintain that the case should be stayed while the JPML considers the motion to transfer the case to the MDL and that Plaintiff will not be prejudiced by the stay.  See generally [ECF No. 19].

### A.  This Court Will, in Its Discretion, Consider Jurisdiction

Plaintiff argues that, because this case could not properly be consolidated with the MDL if there is no subject matter jurisdiction, the Court should consider his motion to remand before the JPML decides whether the case should be transferred to the MDL.  [ECF No. 15 at 2–5].  The Defendants argue only that the case should not be remanded to state court before the JPML has had an opportunity to address the motion to transfer the case to the MDL in the Central District of California.  See generally [ECF No. 19].

Under the JPML rules, "[t]he pendency of a [conditional transfer] does not affect . . . pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."  JPML Rule 2.1(d).  The Court "has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."  In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988).  As a court in this district has recognized, "defense counsel have often filed a notice of removal alleging fraudulent joinder of the nondiverse defendant" and then,

> [b]efore a plaintiff has an opportunity to file a motion to remand, . . . initiates a reference to the judicial panel averring that the case is pending in a United States district court. . . .  This strategy allows the defense counsel to attempt to secure a transfer order or conditional transfer order before the original federal district court determines . . . the anticipated motion to remand.

8

DeLaventura v. Columbia Acorn Trust, 417 F. Supp. 2d 147, 155–56 (D. Mass. 2006) (internal quotation marks and citations omitted) (emphasis omitted).

Because the Court has an obligation to ensure that it has subject matter jurisdiction before allowing the case to continue in federal court, the Court remands this case to state court even while the transfer order is pending before the JPML.  See, e.g., Town of Randolph v. Purdue Pharma L.P., No. 19-cv-10813, 2019 WL 2394253, at 1–2 (D. Mass. June 6, 2019) (finding that the court lacked jurisdiction and remanding the case to state court rather than awaiting a decision on transfer from the JPML); In re Mass. Diet Drug Litig., 338 F. Supp. 2d 198, 201 (D. Mass. 2004) (considering a motion to remand while transfer motion pending before the JPML because the issues presented in the motion to remand required consideration of Massachusetts state law).

### B. The Court Lacks Jurisdiction Over the Case Because There Is Not Complete Diversity

Having determined that it should consider the issue of jurisdiction, despite the JPML's concurrent consideration of whether the case should be transferred to the MDL, the Court must next evaluate whether Plaintiff has sufficiently alleged claims against the Boch Defendants, such that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.  The burden is on Defendants, as the removing party, to show that the Court has subject matter jurisdiction. Distasio v. Selective Ins. Co., No. 15-cv-13299, 2015 WL 13389938, at *2 (D. Mass. Oct. 5, 2015).  The Defendants must therefore demonstrate that the Boch Defendants, who are not diverse, were fraudulently joined and should be dismissed, leaving this Court able to exercise its subject matter jurisdiction.

Plaintiff asserts two product liability claims against the Boch Defendants: (1) breach of the implied warranty of merchantability and (2) negligence.  [ECF No. 15 at 8].  The Defendants do not address Plaintiff's arguments in support of his motion to remand, and instead argue only

that the Plaintiff will not be prejudiced if the issue is stayed while the JPML considers whether the case should be consolidated with the MDL.  <u>See generally</u> [ECF No. 19].  Because the parties must be in complete diversity under 28 U.S.C. § 1332, Plaintiff need only plead facts sufficient to establish that either Boch Inc. or New To You violated the implied warranty of merchantability or were negligent.

1. <u>Implied Warranty of Merchantability</u>

In Counts Four and Six, Plaintiff claims that the Boch Defendants breached their implied warranty of merchantability.  [Am. Compl. ¶¶ 57–63, 69–76].  In Massachusetts, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  Mass. Gen. Laws ch. 106, § 2-314(1).[4]

Plaintiff argues that "the Boch defendants are all strictly liable for the unintended acceleration defects in the Camry alongside the Toyota defendants under Massachusetts's version of the implied warranty of merchantability."  [ECF No. 14 at 3].  "[L]iability for the implied warranty of merchantability has become 'a remedy intended to be fully as comprehensive as the strict liability theory of recovery that has been adopted by a great many other jurisdictions."  <u>Redmond-Nieves v. Okuma Am. Corp.</u>, 406 F. Supp. 3d 140, 143 (D. Mass. 2019) (quoting <u>Back v. Wickes Corp.</u>, 378 N.E.2d 964, 968 (Mass. 1978)).

A plaintiff bringing an implied warranty of merchantability claim must plead facts sufficient to allege that (1) the defendant manufactured or sold the product that eventually injured the plaintiff; (2) the product had a defect or otherwise unreasonably dangerous condition such that it was unsuited for the ordinary use for which it was sold; (3) the plaintiff used the

---

[4] At the outset, the Court notes that the claims are not barred by the economic loss doctrine, under which "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage," <u>FMR Corp. v. Boston Edison Co.</u>, 613 N.E.2d 902, 903 (Mass. 1993) (citation omitted), because Plaintiff's case is a wrongful death action.

10

product as intended by the defendant or in a manner that was at least foreseeable to the defendant; and (5) the defect or unreasonably dangerous condition was a legal cause of the plaintiff's injury. Fireman's Fund Ins. Co. v. Bradford-White Corp., No. 12-cv-10509, 2014 WL 1515266, at *7 (D. Mass. Apr. 15, 2014) (citing Lally v. Volkswagen Aktiengesellschaft, 698 N.E.2d 28, 43 (Mass. App. Ct. 1998)). Warranty liability may be premised either on a design defect or a failure to warn. Haglund v. Philip Morris, Inc., 847 N.E.2d 315, 322 (Mass. 2006).

Here, Plaintiff has pled facts sufficient to allege that New To You violated the implied warranty of merchantability by selling the Vehicle with a defective electronic throttle control system. Because the liability "focuses on whether the product was defective and unreasonably dangerous and not on the conduct of the user or the seller," Plaintiff need not allege that New To You was negligent in selling the Vehicle to assert a cognizable breach of warranty claim. Donovan v. Philip Morris, 65 F. Supp. 3d 251, 262 (D. Mass. 2014) (quoting Colter v. Barber-Green Co., 525 N.E.2d 1305, 1313 (Mass. 1988)). As the party that sold the Vehicle in question to DaSilva, [Am. Compl. ¶¶ 29–33], New To You may be held liable for a violation of the implied warranty of merchantability based solely on the fact of the sale and without evidence of negligence, see Donovan, 65 F. Supp. 3d at 262.

Further, Plaintiff has stated a claim against Boch Inc. "Massachusetts imposes strict liability on distributors of products, even those who act merely as a conduit and neither alter the product nor contribute to its injuriousness." Mills, 178 F. Supp. 2d at 7. "That a supplier in the chain of distribution may be liable regardless of whether it held title appears to correspond with the statutory [language], which describes potential defendants for such an action to include 'the manufacturer, seller, lessor or supplier of goods." In re Stryker LFIT V40 Femoral Head Prods. Liab. Litig., No. 17-md-02768, 2017 WL 3815937, at *4 (D. Mass. Aug. 31, 2017) (quoting

11

Mass. Gen. Laws ch. 106, § 2-318)) (remanding a breach of warranty action to state court because the plaintiff could likely hold a medical device distributor liable, even if the distributor established "that it was only a conduit" in distributing the products).

The Defendants argue that Plaintiff fails to state a claim against Boch Inc. because Boch Inc. did not sell the Vehicle to DaSilva. [ECF No. 1 at 8]. "Massachusetts has long rejected contractual privity as an essential element for recovery in a case seeking recovery for damages suffered by reason of a defective product." Anunciacao v. Caterpillar, Inc., No. 07-cv-10904, 2011 WL 4899969, at *5 (D. Mass. Oct. 13, 2011) (quoting Lou v. Otis Elevator Co., 933 N.E. 2d 140, 149 (Mass. App. Ct. 2010)); see also Mass. Gen. Laws ch. 106, § 2-318 ("Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer, seller, lessor or supplier of goods to recover damages for breach of warranty, express or implied . . . although the plaintiff did not purchase the goods from the defendant if the plaintiff was a person whom the manufacturer, seller, lessor or supplier might reasonably have expected to use, consume or be affected by the goods."); Garcia v. Kusan, Inc., 655 N.E.2d 1290, 1294 (Mass. App. Ct. 1995) (explaining that a plaintiff may only recover on an implied warranty claim "if he can establish that some item traced to a specific defendant caused his injury").[5]

---

[5] The Court notes that the Restatements support allowing the breach of warranty action against Boch. Inc. As the comments to the Second Restatement explain, "it is not necessary that the ultimate user or consumer have acquired the product directly from the seller, although the rule applies equally if he does so." Restatement (Second) of Torts § 402A cmt. l. "The liability stated is one in tort, and does not require any contractual relation, or privity of contract, between the plaintiff and the defendant." Id.; see Restatement (Third) of Torts: Products Liability § 2 (1998) (defining a product as "defective" due to inadequate warnings "when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, *or a predecessor in the commercial chain of distribution*, and the omission of the instructions or warnings renders the product not reasonably safe" (emphasis added)); see also 1 The Law of Prod. Warranties § 5:20 (2019) ("When the ultimate buyer's theory of recovery is breach of the implied warranty of

Therefore, Plaintiff has sufficiently pled that both Boch Inc. and New To You violated the implied warranty of merchantability by selling the Vehicle when it had a defective electronic throttle control system. See, e.g., Aleo v. SLB Toys USA, Inc., 995 N.E. 2d 740, 745 n.6 (Mass. 2013) (explaining that the plaintiff in a wrongful death action stemming from a pool slide had sued the slide's manufacturer, the vendor that purchased the slide, and the entity that delivered the slide).

2. Negligence

Having determined that Plaintiff has sufficiently stated a claim against the Boch Defendants for breach of the implied warranty of merchantability, the Court need go no further. In the interest of a complete record, however, the Court finds that Plaintiff has also sufficiently alleged that the Boch Defendants were negligent in allowing aftermarket floor mats to be used in the Vehicle, either by selling the Vehicle with said floor mats or, alternatively, by servicing the vehicle when it had such floor mats. [ECF No. 14 at 3; Am. Compl. ¶¶ 30–35, 54–55, 66–67]. The Court recognizes that "[a] defendant cannot be found to have been negligent without having breached the warranty of merchantability," but having found the breach of warranty to be adequately pled, the Court may now consider negligence as well. Colter v. Barber-Greene Co., 525 N.E.2d 1305, 1313 (Mass. 1988) ("A defendant in a products liability case in this Commonwealth may be found to have breached its warranty of merchantability without having been negligent, but the reverse is not true." (quoting Hayes v. Ariens Co., 462 N.E.2d 273 (Mass.

---

merchantability against an immediate seller under § 2-314, the indemnification problem comes to the fore. The intermediate seller, such as a retail dealer, a wholesaler, or a distributor, will seek to recover against its own seller for any loss it sustains. . . . The distributor, wholesaler, and retail dealer are mere conduits for the product and, although they are subject to a form of strict liability to their own buyers based upon § 2-314, they should be able to pass this liability upstream.").

1984), abrogated on other grounds, Vasallo v. Baxter Healthcare Corp., 696 N.E.2d 909 (Mass. 1998) (finding no liability for manufacturers for unforeseeable risks)).

"'One cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff.' In addition to being the cause in fact of the injury, the plaintiff must show that the negligent conduct was a proximate cause or legal cause of the injury as well." Kent v. Commonwealth, 771 N.E.2d 770, 776–77 (Mass. App. Ct. 2002) (citation omitted) (quoting Wainright v. Jackson, 195 N.E. 896, 897 (Mass. 1935)). Plaintiff alleges that, in 2009, the Toyota Defendants recalled certain vehicles because they discovered that the accelerator pedals could become trapped under some aftermarket floor mats. [Am. Compl. ¶ 20–21]. According to Plaintiff, the Toyota Defendants frequently argue that unintended accelerations, like that at issue in this case, are the result of a driver's stepping on an aftermarket floormat that has been improperly laid on a vehicle's accelerator and brake pedals. [Am. Compl. ¶ 20; ECF No. 15 at 17]. In this case, Plaintiff alleges that there were aftermarket floor mats present in the driver's side of the Vehicle at the time of the collision. See [Am. Compl. ¶ 30].

In opposition, the Toyota Defendants provide a declaration from Braga, one of New To You's managers, which is based on his "review of the sales and maintenance documents related to . . . the sale of the [Vehicle] to DaSilva." [ECF No. 1-4 ¶ 15].[6] The Court finds that the Braga

---

[6] Plaintiff claims to have arranged a joint inspection of the Vehicle by both Plaintiff and Defendants' experts to help determine whether the Vehicle had aftermarket floor mats at the time of the collision. [ECF No. 15 at 21]. The Toyota Defendants, however, cancelled the inspection. [ECF No. 14-4 at 3 ("[Plaintiff's] counsel has spent the weeks following this wrongful removal trying to set up a joint inspection of the subject Camry with Toyota so all experts can evaluate all claims, and especially the negligence claims concerning the floor mats . . . . A joint inspection is necessary so all parties can be assured that neither is doing anything to spoilate evidence, and it was specifically agreed to by the parties for the purpose of aiding in the resolution of this motion to remand . . . . However, immediately before our motion to remand, Toyota unilaterally cancelled the joint inspection. In other words, while Toyota wants this Court to believe that

declaration is insufficient to provide "clear and convincing evidence" that the Plaintiff will be unable to state "a cause of action against the non-diverse defendant in state court." Surabian, 245 F. Supp. 3d at 299. "[A]ffidavits, particularly those submitted by the defendant and for whom the attesting individual has not been deposed or examined by the plaintiff, may not bear sufficient indicia of reliability, particularly where the evidence is to be construed in the light most favorable to the plaintiff." In re Fresenius, 76 F. Supp. 3d at 333. Given the dispute of fact concerning whether the Vehicle had aftermarket floor mats at the time of the accident, and taking the presented facts in the light most favorable to Plaintiff, the Court finds that Plaintiff is entitled to discovery to determine whether the Boch Defendants were negligent in either selling the Vehicle with aftermarket floor mats or in servicing the Vehicle with such floor mats, despite the previous recall that announced that such mats are unsafe. Having determined that Plaintiffs have sufficiently alleged a breach of warranty and negligence as against the Boch defendants, the Court is without jurisdiction and the case must be remanded to state court.

## IV.   CONCLUSION

Accordingly, Plaintiff's motion to remand the case to state court, [ECF No. 14], is GRANTED. The motion to extend time for service, [ECF No. 22], is DENIED as moot because the Court lacks subject matter jurisdiction in the absence of complete diversity amongst the parties.

**SO ORDERED.**

July 14, 2020                                          /s/ Allison D. Burroughs
                                                       ALLISON D. BURROUGHS

---

there is no evidence to support the negligence claims concerning the floor mats, it has cancelled the very inspection that could have answered those questions and narrowed those issues.")]. The Toyota Defendants do not address this cancelled inspection in their opposition. See generally [ECF No. 19].

U.S. DISTRICT JUDGE